UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

MARJORIE SOLOMON,

  Plaintiff,                                     CASE NO.:

-VS-

WESTLAKE FINANCIAL SERVICES, LLC

  Defendant.
_____/

## COMPLAINT

COMES NOW Plaintiff, MARJORIE SOLOMON, by and through the undersigned counsel, and sues Defendant, WESTLAKE FINANCIAL SERVICES, LLC and in support thereof respectfully alleges violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq*. ("TCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.55 *et seq*. ("FCCPA").

## INTRODUCTION

1. The TCPA was enacted to prevent companies like WESTLAKE FINANCIAL SERVICES, LLC from invading American citizen's privacy and prevent abusive "robo-calls."

2. "The TCPA is designed to protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs., LLC*, -US--, 132 S.Ct., 740, 745, 181, L.Ed. 2d 881 (2012).

3. "Senator Hollings, the TCPA's sponsor, described these calls as 'the **\*1256** scourge of modern civilization, they wake us up in the morning; they interrupt our

dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall.'" 137 Cong. Rec. 30, 821 (1991). Senator Hollings presumably intended to give telephone subscribers another option: telling the autodialers to simply stop calling." *Osorio v. State Farm Bank, F.S.B.*, 746 F. 3d 1242 (11th Cir. 2014).

4. According to the Federal Communications Commission (FCC), "Unwanted calls and texts are the number one complaint to the FCC. There are thousands of complaints to the FCC every month on both telemarketing and robocalls. The FCC received more than 215,000 TCPA complaints in 2014." *Fact Sheet: Wheeler Proposal to Protect and Empower Consumers Against Unwanted Robocalls, Texts to Wireless Phones*, Federal Communications Commission, (May 27, 2015), http://transition.fcc.gov/Daily_Releases/Daily_Business/2015/db0527/DOC-333676A1.pdf.

## JURISDICTION AND VENUE

5. This is an action for damages exceeding Fifteen Thousand Dollars ($15,000.00) exclusive of attorney fees and costs.

6. Jurisdiction and venue for purposes of this action are appropriate and conferred by 28 U.S.C. § 1331, Federal Question Jurisdiction, as this action involves violations of the TCPA.

7. Subject matter jurisdiction, federal question jurisdiction, for purposes of this action is appropriate and conferred by 28 U.S.C. § 1331, which provides that the district courts shall have original jurisdiction of all civil actions arising under the

Constitution, laws, or treaties of the United States; and this action involves violations of 47 U.S.C. § 227(b)(1)(A)(iii). See *Mims v. Arrow Fin. Servs., LLC*, S.Ct. 740, 748 (2012) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242, 1249 (11th Cir. 2014)

8. Venue is proper in this District as Plaintiff resides within this District (Collier County, Florida), the violations described in this Complaint occurred in this District and the Defendant transacts business within Collier County, Florida.

## FACTUAL ALLEGATIONS

9. Plaintiff is a natural person, and citizen of the State of Florida, residing in Collier County, Florida

10. Plaintiff is a "consumer" as defined in Florida Statute § 559.55(8).

11. Plaintiff is an "alleged debtor."

12. Plaintiff is the "called party." See *Breslow v. Wells Fargo Bank, N.A.*, 755 F. 3d 1265 (11th Cir. 2014) and *Osorio v. State Farm Bank, F.S.B.*, 746 F.3d 1242 (11th Cir. 2014).

13. Defendant, WESTLAKE FINANCIAL SERVICES, LLC is a corporation with its principal place of business located at 4751 Wilshire Blvd #100, Los Angeles, CA 90010 and which conducts business in the State of Florida.

14. The debt that is the subject matter of this Complaint is a "consumer debt" as defined by Florida Statute §559.55(6).

15. WESTLAKE FINANCIAL SERVICES, LLC called Plaintiff on Plaintiff's cellular telephone approximately 100 times since October, 2015, in an attempt to collect a debt.

16. WESTLAKE FINANCIAL SERVICES, LLC attempted to collect an alleged debt from Plaintiff by this campaign of telephone calls.

17. WESTLAKE FINANCIAL SERVICES, LLC intentionally harassed and abused Plaintiff on numerous occasions by calling several times during one day and on back to back days, with such frequency as can reasonably be expected to harass.

18. Upon information and belief, some or all of the calls the Defendant made to Plaintiff's cellular telephone number were made using an "automatic telephone dialing system" which has the capacity to store or produce telephone numbers to be called, using a random or sequential number generator (including but not limited to a predictive dialer) or an artificial or prerecorded voice; and to dial such numbers as specified by 47 U.S.C § 227(a)(1) (hereinafter "autodialer calls"). Plaintiff will testify that she knew it was an autodialer because of the vast number of calls she received and because she heard a pause when she answered her phone before a voice came on the line and she received prerecorded messages from WESTLAKE FINANCIAL SERVICES, LLC.

19. Plaintiff is the subscriber, regular user and carrier of the cellular telephone number, (239) ***-3583, and was the called party and recipient of Defendant's autodialer calls.

20. Beginning on or about October, 2015, WESTLAKE FINANCIAL SERVICES, LLC began bombarding Plaintiff's cellular telephone (239) ***-3583 in an attempt to collect on an automobile loan.

4

21. Despite actual knowledge of their wrongdoing, the Defendant continued the campaign of autodialer calls, well-beyond November, 2015 when Plaintiff first advised Defendant to stop calling.

22. The autodialer calls from Defendant came from the telephone numbers including but not limited to 855-884-5582, 323-692-4090, 323-801-7108, 323-900-3490, and when those numbers are called, a representative answers and identifies the company as "WESTLAKE FINANCIAL" or "WESTLAKE FINANCIAL SERVICES." Additionally, autodialer calls from Defendant came from the telephone number 888-333-5662, and when that number is called, an automated voice answers and identifies the company as "WESTLAKE FINANCIAL SERVICES."

23. WESTLAKE FINANCIAL SERVICES, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice to individuals just as it did to Plaintiff's cellular telephone in this case.

24. WESTLAKE FINANCIAL SERVICES, LLC has a corporate policy to use an automatic telephone dialing system or a pre-recorded or artificial voice just as it did to Plaintiff's cellular telephone in this case, with no way for the consumer, Plaintiff, or WESTLAKE FINANCIAL SERVICES, LLC, to remove the number.

25. WESTLAKE FINANCIAL SERVICES, LLC's corporate policy is structured so as to continue to call individuals like Plaintiff, despite these individuals explaining to WESTLAKE FINANCIAL SERVICES, LLC they wish for the calls to stop.

26. WESTLAKE FINANCIAL SERVICES, LLC has numerous other federal lawsuits pending against it alleging similar violations as stated in this Complaint.

27. WESTLAKE FINANCIAL SERVICES, LLC has numerous complaints across the country against it asserting that its automatic telephone dialing system continues to call despite requested to stop.

28. WESTLAKE FINANCIAL SERVICES, LLC has had numerous complaints from consumers across the country against it asking to not be called; however, Defendant continues to call the consumers.

29. WESTLAKE FINANCIAL SERVICES, LLC's corporate policy provided no means for Plaintiff to have her number removed from Defendant's call list.

30. WESTLAKE FINANCIAL SERVICES, LLC has a corporate policy to harass and abuse individuals despite actual knowledge the called parties do not wish to be called.

31. Not a single call placed by WESTLAKE FINANCIAL SERVICES, LLC to Plaintiff were placed for "emergency purposes" as specified in 47 U.S.C. § 227(b)(1)(A).

32. WESTLAKE FINANCIAL SERVICES, LLC willfully and/or knowingly violated the TCPA with respect to Plaintiff.

## COUNT I
### (Violation of the TCPA)

33. Plaintiff fully incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein.

34. WESTLAKE FINANCIAL SERVICES, LLC willfully violated the TCPA with respect to Plaintiff, especially for each of the auto-dialer calls made to Plaintiff's cellular telephone after Plaintiff notified WESTLAKE FINANCIAL SERVICES, LLC that she wished for the calls to stop.

35. WESTLAKE FINANCIAL SERVICES, LLC repeatedly placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or prerecorded or artificial voice without Plaintiff's prior express consent in violation of federal law, including 47 U.S.C § 227(b)(1)(A)(iii).

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WESTLAKE FINANCIAL SERVICES, LLC for statutory damages, punitive damages, actual damages, treble damages, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

## COUNT II
### (Violation of the FCCPA)

36. Plaintiff fully incorporates and re-alleges paragraphs 1 through 32 as if fully set forth herein

37. At all times relevant to this action WESTLAKE FINANCIAL SERVICES, LLC is subject to and must abide by the laws of the State of Florida, including Florida Statute § 559.72.

38. WESTLAKE FINANCIAL SERVICES, LLC has violated Florida Statute § 559.72(7) by willfully communicating with the debtor or any member of his or her family with such frequency as can reasonably be expected to harass the debtor or his or her family.

39. WESTLAKE FINANCIAL SERVICES, LLC has violated Florida Statute § 559.72(7) by willfully engaging in other conduct which can reasonably be expected to abuse or harass the debtor or any member of his or her family.

40. WESTLAKE FINANCIAL SERVICES, LLC's actions have directly and proximately resulted in Plaintiff's prior and continuous sustaining of damages as described by Florida Statute § 559.77.

**WHEREFORE,** Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against WESTLAKE FINANCIAL SERVICES, LLC for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the court may deem just and proper.

Respectfully submitted,

Octavio "Tav" Gomez, Esq.
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
TGomez@forthepeople.com
Florida Bar #: 0338620
Attorney for Plaintiff