UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARJORIE SOLOMON

      Plaintiff,

v.                                                       Case No:   2:16-cv-243-UA-CM

WESTLAKE SERVICES, LLC d/b/a
WESTLAKE FINANCIAL
SERVICES

      Defendant.

## ORDER

Before the Court is Plaintiff's Motion for Clerk's Entry of Default (Doc. 11), filed on July 27, 2016.  Plaintiff moves, pursuant to Rule 55(a), Federal Rule of Civil Procedure, for entry of Clerk's default against Defendant Westlake Services, LLC d/b/a Westlake Financial Services ("Westlake").  For the reasons that follow, the motion is denied.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default."  Similarly, Middle District of Florida Local Rule 1.07(b) provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation, partnership, or other unincorporated association that is subject to suit under common name, can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1); *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (stating that a Plaintiff may serve process on a limited liability company pursuant to Rule 4(h), Federal Rules of Civil Procedure). Florida Statutes provide that process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent. Fla. Stat. § 48.062(1). Each limited liability company shall designate and continuously maintain in this state a registered office. Fla. Stat. § 605.0113(1)(a). The registered agent must be an individual who resides in this state or a foreign or domestic entity authorized to transact business in this state and whose business address is identical to the address of the registered office. Fla. Stat. § 605.0113(1)(b)(1). If the address provided for the registered agent is a private mailbox, service on the limited liability company may be made by serving the registered agent, member, or manager in accordance with Florida Statutes section 48.031. Fla. Stat. § 48.062(4). Section 48.031, Florida Statutes, provides that

service of process is made by delivering copies to the person to be served or by leaving copies with any person residing therein who is fifteen years of age or older. Fla. Stat. § 48.031(1)(a).

Here, the Return of Service (Doc. 10) states that on April 11, 2016, a process server for Investigative Services of Tampa delivered a true copy of the Summons, Amended Complaint, and a letter from an attorney upon Vivian Imperial on behalf of CT Corp, Agent for service of process. Doc. 10 at 1. A search of the Florida Department of State, Division of Corporations' ("Division of Corporations") website reveals that Westlake's registered agent is C T Corporation System at 1200 South Pine Island Road, Plantation, FL 33324.[1] Neither Westlake nor C T Corporation System, however, has Vivian Imperial listed as a registered agent or an authorized person or entity to accept service of process.[2] Plaintiff does not advance any explanation as to why Vivian Imperial would be an appropriate individual or entity to accept service of process on behalf of the defendant corporation Westlake. Additionally, the return of service does not indicate the address where the process server attempted service. *See* Fla. Stat. § 605.0113(1)(b) (stating the registered agent must be an individual who resides in this state or a foreign or domestic entity authorized to transact business in this state and whose business address is identical to the address of the registered office). Moreover, the address listed on the return of service for Defendant is not the address listed on the Division of Corporations' website

---

[1] www.sunbiz.org
[2] www.sunbiz.org

for Defendant or C T Corporation System.³ Thus, the Court is unable to determine if Defendant was properly served. *See Kennedy v. National Asset Risk Mgmt., LLC*, No. 3:13-cv-101-J-39MCR, 2014 WL 1293528, at *3 (M.D. Fla. March 28, 2014) (finding that service was insufficient when the address provided on the summons was not listed for Defendant or C T Corporation on the Division of Corporations' website and the name and title of the individual who accepted service on behalf of C T Corporation System were illegible). Additionally, as there is no indication that service was attempted on the registered agent, the Return of Service is insufficient to establish service of process. *See PNC Bank Nat. Ass'n v. Orchid Grp. Investments, L.L.C.,* No. 2:13-CV-12-FTM-99SPC, 2013 WL 870256 (M.D. Fla. Mar. 8, 2013); *Lantana Ins., LTD. v. Tome,* No. 610-CV-402-ORL-31DAB, 2010 WL 2869533, at 1 n. 1 (M.D. Fla. July 21, 2010); *White v. OSP, Inc.,* No. 2:13-CV-709-FTM-29CM, 2014 WL 2861488, at *1 (M.D. Fla. June 24, 2014).

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Motion for Clerk's Entry of Default (Doc. 11) is **DENIED without prejudice.**

---

³ The address list for Defendant on the Return of Service was 818 W Seventh St, Ste 930, Los Angeles, CA 90017. Doc. 10. The address listed on the Division of Corporations' website for Defendant is 4751 Wilshire Blvd., #100, Los Angeles, CA 90010. www.sunbiz.org

**DONE** and **ORDERED** in Fort Myers, Florida on this 9th day of August, 2016.

*/s/ Carol Mirando*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record