UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MARJORIE SOLOMON,

    Plaintiff,

v.                                          Case No:   2:16-cv-243-FtM-99CM

WESTLAKE SERVICES, LLC,

    Defendant.

## ORDER

This matter comes before the Court upon review of Plaintiff's Second Motion for Clerk's Entry of Default (Doc. 15) filed on October 14, 2016.

On March 30, 2016, Plaintiff filed a Complaint against Defendant. Doc. 1. On August 9, 2016, the Court denied without prejudice Plaintiff's Motion for Clerk's Entry of Default (Doc. 11) because the motion did not show that a person who was served with a Return of Service (Doc. 10) is a registered agent or an authorized person or entity to accept service of process. Doc. 12 at 3. Furthermore, the Return of Service did not have an address where the process server attempted service and listed an incorrect address for Defendant. Doc. 10; *id.* at 3-4. On September 20, 2016, Plaintiff filed a second Return of Service. Doc. 14.

Pursuant to Rule 55(a), Federal Rules of Civil Procedure, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Similarly, Middle District of Florida Local Rule 1.07(b)

provides:

> When service of process has been effected but no appearance or response is made within the time and manner provided by Rule 12, Fed. R. Civ. P., the party effecting service shall promptly apply to the Clerk for entry of default pursuant to Rule 55(a), Fed. R. Civ. P.

M.D. Fla. R. 1.07(b). Prior to directing the Clerk to enter a default, the Court must first determine whether Plaintiff properly effected service of process. *United States v. Donald,* No. 3:09-cv-147-J-32HTS, 2009 WL 1810357, at *1 (M.D. Fla. June 24, 2009).

Service on a corporation, partnership, or other unincorporated association that is subject to suit under common name, can be made by any manner accepted in the state or "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process[.]" Fed. R. Civ. P. 4(h)(1)(A), (e)(1); *See Fitzpatrick v. Bank of New York Mellon*, 580 F. App'x 690, 693 (11th Cir. 2014) (stating that a Plaintiff may serve process on a limited liability company pursuant to Rule 4(h), Federal Rules of Civil Procedure). Florida Statutes provide that process against a limited liability company may be served upon, *inter alia,* the company's registered agent or an employee of the registered agent. Fla. Stat. § 48.062(1). Each limited liability company shall designate and continuously maintain in this state a registered office. Fla. Stat. § 605.0113(1)(a). The registered agent must be an individual who resides in this state or a foreign or domestic entity authorized to transact business in this state and whose business address is identical to the address of the registered office. Fla. Stat. § 605.0113(1)(b)(1).

Here, the Return of Service states that on September 14, 2016, a process server for Investigative Services of Tampa delivered a true copy of the Summons, Amended Complaint, Order, Related Case Order and Track Two Notice, Notice of Pendency of Other Actions, Case Management Report, Interested Persons Order for Civil Cases and Plaintiff's Certificate of Interested Persons upon CT Corporation System as a Registered Agent at 1200 South Pine Island Road, Plantation, FL 33324.  Doc. 14. A search of the Florida Department of State, Division of Corporations' website reveals that Defendant's registered agent is C T Corporation System, a foreign profit corporation, at 1200 South Pine Island Road, Plantation, FL 33324.[1]  The Return of Service further states that "[f]or contact[,] Donna Moch, Senior Corporate Operations Manager."  *Id.*  Affidavits by process servers constitute a prima facie showing that defendants have been served.  *Udoinyion v. The Guardian Security,* 440 F. App'x 731, 735 (11th Cir. 2011) (unsworn and unsigned letters insufficient to call into question prima facie evidence of service consisting of process server's sworn return); *Burger King Corp. v. Eupierre,* Case No. 12-20197-CIV, 2012 WL 2192438, at *2 (S.D. Fla. June 14, 2012).  Service of process therefore was properly effected under Federal Rule of Civil Procedure 4(h).

Pursuant to Federal Rule of Civil Procedure 12(a)(1)(A), a defendant must serve an answer within 21 days after being served with the summons and complaint. Defendants have failed to do so within the time period; therefore, the entry of Clerk's Default pursuant to Federal Rule of Civil Procedure 55(a) and Middle District of

---

[1] www.sunbiz.org

Florida Local Rule 1.07(b) is appropriate.

ACCORDINGLY, it is hereby

**ORDERED:**

Plaintiff's Second Motion for Clerk's Entry of Default (Doc. 15) is **GRANTED**. The Clerk is directed to enter a Clerk's Default against Defendant Westlake Services, LLC d/b/a Westlake Financial Services.

**DONE** and **ORDERED** in Fort Myers, Florida on this 18th day of October, 2016.

*[signature]*
CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record